**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristy Lynn Theilen,<br><br>  Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>  Defendants. | No. CV-09-02603-PHX-FJM [LEAD]<br>No. CV-09-02614-PHX-FJM<br>No. CV-10-00180-PHX-FJM<br><br>**ORDER** |
| Jason Odhner,<br><br>  Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>  Defendants. | |
| Monica Sandschafer, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>  Defendants. | |

The court has before it defendants Joseph Arpaio, David Hendershott, David Trombi,

George Acritelli, Andrew Thomas, and Lawrence Turoff's motion to dismiss (CV-10-180 doc. 13), plaintiffs Monica Sandschafer, Guillermina Bethancourt de Pichardo, Ayensa Millan, and Joel Nelson's response (CV-10-180 doc. 16), and defendants' reply (CV-09-2603 doc. 43).

This motion pertains to only some of the defendants in one of three cases now consolidated before us. The non-moving named defendants are the Maricopa County Board of Supervisors ("MCBS"), Andrew Kunasek, Maricopa County Protective Services, John Shamley, and the Maricopa County Sheriff's Office ("MCSO").

**I.**

According to plaintiffs, they were arrested by MCSO Sergeant Acritelli because they were vocal political opponents of Maricopa County Sheriff Arpaio. On December 15, 2008, Sandschafer, Bethancourt de Pichardo, and Millan were allegedly seated in the public waiting area of the MCBS' offices. They were waiting to speak with a Supervisor about an upcoming public meeting. They wanted to request inclusion on the agenda, which would have allowed them more time to speak at the meeting than if they were to sign up at the meeting. The relevant Maricopa County entities apparently knew that plaintiffs were associated with organized groups that protested Sheriff Arpaio's policies. Although they claim that they were not causing a disruption, they were arrested for trespassing by Acritelli. Sandschafer, Bethancourt de Pichardo, and Millan spent the next ten hours in jail.

Two days later, during the MCBS meeting, Sandschafer and Nelson applauded a speaker who criticized the MCSO. Although they allegedly clapped for only twenty seconds in total, and only five seconds after the meeting was gaveled to order, they were arrested for disorderly conduct by Acritelli. Sandschafer was one of the next two people scheduled to speak. Of the twelve people who applauded, only four were arrested, two of whom were apparently scheduled to speak. Sandschafer and Nelson spent the next ten hours in jail.

Plaintiffs were prosecuted by then Maricopa County Attorney Thomas and Deputy County Attorney Turoff. Sandschafer and Nelson allege that the Maricopa County Attorney's Office misrepresented facts, withheld discovery, and unnecessarily delayed their

- 2 -

cases. At their trial, Sandschafer and Nelson allege that the court entered a judgment of acquittal on its own motion. The charges against Bethancourt de Pichardo and Millan were subsequently dismissed.

Plaintiffs contend that these incidents were part of an intentional effort by Sheriff Arpaio to use his office to persecute his political opponents and intimidate others who would speak out against his policies. Plaintiffs identify the arresting agency as the MCSO acting under the direction of Sheriff Arpaio, Chief Deputy Hendershott, Chief Deputy Trombi, and Acritelli.

Plaintiffs allege claims for false and retaliatory arrest and malicious and retaliatory prosecution under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments. They also allege various state law claims, including false arrest and malicious prosecution. Defendants move to dismiss for failure to state a claim.

## II.

Defendants contend that the claims against Arpaio, Hendershott, and Trombi fail because plaintiffs do not allege their personal involvement. Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint must contain sufficient factual allegations, accepted as true, to state a plausible claim for relief. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). With respect to plaintiffs' § 1983 claims, defendants correctly point out that they cannot be held liable unless they participated in or directed a deprivation of plaintiffs' civil rights. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiffs allege that they were arrested by the MCSO acting under the direction of Arpaio, Hendershott, Trombi, and Acritelli in connection with the December 15 arrests, and Arpaio, Hendershott, and Acritelli in connection with the December 17 arrests. Plaintiffs' choice of language comes close to explicitly pleading an unavailable theory of respondeat superior. Id. On a motion to dismiss, however, we must draw reasonable inferences from factual allegations in plaintiffs' favor. Iqbal, __ U.S. at __, 129 S. Ct. at 1949. Thus, we will reasonably infer that defendants directed plaintiffs' arrests instead of merely directing the MCSO in accordance with their positions. We deny defendants' motion to dismiss the claims

against Arpaio, Hendershott, and Trombi in their individual capacities.

**III.**

Defendants also contend that the § 1983 claims against Sheriff Arpaio in his official capacity, which are claims against Maricopa County, fail because plaintiffs do not allege a policy or custom. Municipalities are only liable under § 1983 for actions taken pursuant to an official municipal policy. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). "A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (quotation omitted). Sheriff Arpaio has final policymaking authority in the context of criminal law enforcement. Lovejoy v. Arpaio, CV-09-1912, 2010 WL 466010, at *12 (D. Ariz. Feb. 10, 2010).

Plaintiffs allege that their civil rights were deprived as part of an intentional effort by Sheriff Arpaio to use his office to silence his critics. In addition, plaintiffs allege that Sheriff Arpaio directed their arrests. Because plaintiffs' allegations are sufficient to state a claim, we deny defendants' motion to dismiss the § 1983 claims against Sheriff Arpaio in his official capacity.

**IV.**

Next, defendants maintain that plaintiffs fail to allege constitutional violations by Acritelli, and that he is otherwise entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Pearson v. Callahan, __ U.S. __, 129 S. Ct. 808, 815 (2009). Plaintiffs contend that a reasonable person in Acritelli's position would have known that their arrests violated clearly established rights under the Fourth and First Amendments.

Sandschafer, Bethancourt de Pichardo, and Millan allege that Acritelli arrested them for trespassing while they were seated in a public waiting area in order to request inclusion on the agenda of a public MCBS meeting. An arrest without probable cause violates the

Fourth Amendment. Knox v. Sw. Airlines, 124 F.3d 1103, 1107 (9th Cir. 1997). Drawing all inferences in their favor, plaintiffs sufficiently allege that Acritelli arrested them without probable cause because they were lawfully present on public property. See State v. Barr, 183 Ariz. 434, 438-39, 904 P.2d 1258, 1262-63 (Ct. App. 1995) (discussing trespassing on public property). Similarly, drawing all inferences in favor of Sandschafer and Nelson, Acritelli lacked probable cause to arrest them for disorderly conduct. Clapping for a short period at a public meeting is unlikely to constitute "unreasonable noise" or "protracted commotion" with the intent or knowledge of disturbing a person. A.R.S. § 13-2904 (defining disorderly conduct). Under the alleged circumstances, a reasonable officer would have known that he was violating a clearly established Fourth Amendment right.

Plaintiffs also allege that Acritelli arrested them in retaliation for their past political conduct and to prevent them from engaging in political conduct on the day of their arrests. In order to state a First Amendment retaliation claim, plaintiffs must show that Acritelli's actions would chill an ordinary person from engaging in future protected conduct, and that such deterrence was a substantial or motivating factor in his actions. Mendocino Env't Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). To the extent that plaintiffs seek to recover for post-prosecution injuries, they must also show an absence of probable cause. Beck v. City of Upland, 527 F.3d 853, 865 (9th Cir. 2008). Defendants do not dispute that Acritelli knew that plaintiffs were political opponents of Sheriff Arpaio. They also do not dispute that plaintiffs were engaged in conduct protected by the First Amendment.

Sandschafer, Bethancourt de Pichardo, and Millan claim that they were arrested because they were waiting to speak with a government official about the agenda of a public meeting. Sandschafer and Nelson claim that they were arrested because they applauded a speaker who was critical of the MCSO. Sandschafer was apparently scheduled to speak herself. As discussed above, plaintiffs adequately allege that they were arrested without probable cause. These allegations are sufficient to plead an unreasonable and clearly established First Amendment violation. We deny defendants' motion to dismiss the claims against Acritelli on the basis of qualified immunity.

**V.**

In connection with plaintiffs' state law claims, defendants argue that plaintiffs failed to file a notice of claim against Hendershott, Trombi, Acritelli, Thomas, and Turoff. Under A.R.S. § 12-821.01(A), a person who has a claim against a public entity or public employee must file a notice of claim against the entity or employee within 180 days after the cause of action accrues. Failure to do so bars the cause of action. Id. Plaintiffs maintain that they filed a timely notice of claim against each defendant. We cannot resolve the parties' factual dispute on a motion to dismiss.

**VI.**

Finally, defendants argue that Thomas and Turoff are entitled to absolute prosecutorial immunity. When acting as advocates for the state, prosecutors are absolutely immune from liability under § 1983 for conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995 (1976). They are entitled only to qualified immunity "when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. Waggy v. Spokane County Wash., 594 F.3d 707, 711 (9th Cir. 2010). The same functional analysis applies to plaintiffs' state law claims. State v. Superior Court, 186 Ariz. 294, 297-98, 921 P.2d 697, 700-01 (Ct. App. 1996).

Plaintiffs allege that Thomas and Turoff initiated charges against them without a reasonable likelihood of conviction in an effort to disguise civil rights violations. They also claim that Thomas and Turoff managed their cases in an abusive and burdensome fashion. Plaintiffs' allegations describe conduct that fits well within a prosecutor's core function as an advocate for the state participating in the judicial process. Therefore, Thomas and Turoff are immune from plaintiffs' claims.

In response, plaintiffs argue that prosecutors should not be immune from suit when they prosecute maliciously because that is not their role. Granting immunity from both frivolous and meritorious claims without discriminating between them, however, is precisely the balance struck in order to preserve "the vigorous and fearless performance of the

prosecutor's duty that is essential to the proper functioning of the criminal justice system." Imbler, 424 U.S. at 427-28, 96 S. Ct. at 993-94. We grant defendants' motion to dismiss the claims against Thomas and Turoff.

Accordingly, **IT IS ORDERED GRANTING IN PART** and **DENYING IN PART** defendants' motion to dismiss (CV-10-180 doc. 13). The clerk is advised that this motion pertains to CV-10-180, now consolidated under CV-09-2603. The motion is granted on all claims against Andrew Thomas and Lawrence Turoff. It is otherwise denied.

DATED this 28th day of April, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge